IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PARTNERS IN NUTRITION d/b/a PARTNERS IN QUALITY CARE,<br><br>Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF EDUCATION; MONICA HERRERA, in her individual capacity and official capacity as Director of Nutrition Program Services; EMILY HONER, in her individual capacity and official capacity as Program Integrity Work Manager and JEANETTE JOHNSON-REED, in her individual capacity and official capacity as Supervisor of Compliance,<br><br>Defendants. | Case No. 0:22-cv-02195-JRT-JFD<br><br>**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

## INTRODUCTION

Plaintiff, Partners in Nutrition, d/b/a Partners in Quality Care ("Partners" or "PIQC"), hereby moves the Court for an immediate, temporary restraining order to reverse a series of oppressive and illegal proclamations, to preserve the status quo, and to enjoin Defendants Minnesota Department of Education ("MDE") from enforcing its purported, but unlawful, May 27, 2022, termination of PIQC from the Child and Adult Care Food Program ("CACFP"). The rippling effects of MDE's disputed announcement on May 27 that PIQC is being summarily terminated, followed most recently by MDE's August 10, 2022, "doubling down" announcement that PIQC may not conduct any business while it challenges the May 27 action, have now had crippling effects on PIQC's sponsored sites

1

and the children and adults they seek to serve.  The May 27 termination announcement has also threatened PIQC's ongoing viability while it fights to contest and reverse that illegal act.  Without both temporary and later injunctive relief, PIQC will not be around to fight to end the administrative overreaches of MDE, which persists in punishing PIQC administratively for crimes it did not commit.

PIQC therefore seeks an order, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to temporarily restrain MDE and preserve the status quo until the parties can be further heard and a decision is rendered on a Preliminary Injunction.  By the requested temporary restraining order motion, PIQC respectfully asks the Court to temporarily order that:

(i) The operational effects of the May 27 Decision are suspended, and MDE is hereby prevented from treating PIQC as a terminated sponsoring organization for CACFP;

(ii) The MDE is enjoined and restrained from continuing to withhold funds from PIQC based on the May 27 termination decision and must, during the term of this temporary injunction, accept, process, and approve reimbursement claims generated after May 2022 from PIQC or PIQC-sponsored sites;

(iii) The MDE is restrained from taking any steps to deny PIQC's pending sponsor application for the 2022-2023 renewal period (or imposing restrictions on renewal of PIQC for 2022-2023) that are based, in whole or in part, on the MDE's May 27

termination decision or on any stated reasons for the MDE's May 27 termination decision;

(iv)   The MDE is restrained from denying or placing restrictions on PIQC's applications to sponsor any past or new particular sites for 2022-23;

(v) PIQC shall be entitled, without penalty or sanction from MDE, to continue, to use its existing CACFP program funds to meet PIQC's payroll and other monthly recurring financial obligations as an authorized – not terminated – CACFP sponsor; and

(v) The MDE is enjoined and restrained from taking any other new action or imposing any new restrictions on PIQC that are based, in whole or in part, on the May 27 determination or the stated reasons for the MDE's May 27 purported termination.

This Motion for temporary injunctive relief is based on the accompanying Memorandum in support, the supporting Declarations and exhibits, and all of the pleadings, filings and other papers of record in this proceeding.

Notice of this request for TRO has been given to counsel who have recently appeared for the Defendants (ECF No. 13).  In light of the pressing October 1 renewal date for 2022-20223 and uncertainty over PIQC's status and payroll obligations after the MDE's August 10 warning of further punishments, Plaintiff seeks to be heard on its TRO motion

3

as soon as is practicable for the Court and then to proceed on an expedited basis with its motion for a Preliminary Injunction.

Dated this 20th day of September, 2022.

>STINSON LLP
>
>BY: */s/ Kevin D. Conneely*
>Kevin D. Conneely  (#0192703)
>Emily Asp (#0399965)
>50 South Sixth Street, Suite 2600
>Minneapolis, MN 55402
>Telephone: (612) 335-1500
>kevin.conneely@stinson.com
>emily.asp@stinson.com
>
>AND
>
>THE WEINHARDT LAW FIRM
>
>Mark E. Weinhardt*
>2600 Grand Avenue, Suite 450
>Des Moines, IA  50312
>Telephone:  (515) 244-3100
>E-mail:  meweinhardt@weinhardtlaw.com
>
>   *admitted pro hac vice
>
>ATTORNEYS FOR PLAINTIFF PARTNERS IN NUTRITION d/b/a PARTNERS IN QUALITY CARE

4