

May 17, 2022

**Via Email and U.S. Mail**

mweinhardt@weinhardtlaw.com
nconverse@weinhardtlaw.com
kara@partnersinqualitycare.org
jimhandrigan@gmail.com
j.jscarver@gmail.com
jodie@partnersinqualitycare.org
dan@partnersinqualitycare.org
christine.twait@gmail.com

Mark Weinhardt, Esq.
The Weinhardt Law Firm
2600 Grand Avenue
Suite 450
Des Moines, IA  50312

Partners in Nutrition d/b/a Partners in Quality Care
1035 West 7th Street
St. Paul, MN  55102-3827

Kara Lomen, Executive Director
Jim Handrigan, Board President
Julius Scarver, Board Member
Jodie Luzum, Director of Operations
Dan Smeriglio, Claims Manager
Christine Twait, Board Secretary

**Re: Partners in Nutrition d/b/a Partners in Quality Care Appeal of MDE Decisions of Suspension of Payments and Proposed Termination and Disqualification from the Child and Adult Care Food Program**

## BACKGROUND

The Child and Adult Care Food Program (CACFP) is administered in the state of Minnesota by the Minnesota Department of Education – Food and Nutrition Services (MDE-FNS). On February 4, 2022, Partners in Nutrition d/b/a Partners in Quality Care (PIQC) timely appealed MDE-FNS's decision to suspend payment of claim reimbursement to PIQC in the CACFP as of January 20, 2022. On February 15, 2022, PIQC and six individual appellants (collectively, "PIQC Appellants") timely appealed MDE-FNS's proposed termination of PIQC's agreement to participate in the CACFP and proposed disqualification of PIQC and the named responsible individuals from future CACFP participation.

**Ex. E**

MDE-FNS's suspension of payments and proposed termination and disqualification decisions are appealable actions under the CACFP appeal procedure, which references 7 C.F.R. § 226.6(k)(2). MDE provided PIQC Appellants with these appeal procedure documents as attachments to its notices to PIQC Appellants and their counsel.

The two appeals were originally set for separate hearings given their respective procedural timelines. Upon written request made by PIQC Appellants' counsel to consolidate the two hearings to take place on the latter of the two hearing dates, the Appeal Panel finds there was good cause to consolidate the hearings for administrative economy and convenience of the witnesses. (*See* Mar. 24, 2022 Amended Notice.) The consolidated hearing took place on Thursday, April 7, 2022. In light of the scheduling change, counsel agreed to a new due date of May 18, 2022 for the issuance of the consolidated appeals decision. (*See* Correspondence March 17 through 25, 2022.)

At the April 7, 2022 hearing, Attorneys Mark Weinhardt and Nathan Converse appeared as counsel for PIQC Appellants, and attorney Mark Weinhardt spoke on their behalf. Emily Honer, Supervisor of Business Operations and Support Services, and Assistant Attorney General Kristine Nogosek, appeared and spoke on behalf of MDE-FNS. PIQC's Executive Director, Kara Lomen, Director of Operations, Jodie Luzum, and Board Secretary, Christine Twait, as well as MDE's Director of Nutrition Programs, Monica Herrera, and MDE-FNS's CACFP Supervisor Jeanette Johnson-Reed, also appeared at the hearing but did not make statements. Assistant Attorney General Kathleen Reitz appeared as counsel for MDE's Appeal Panel.

MDE's final determination follows.

## DOCUMENTS REVIEWED

The CACFP procedure document provides: "[i]n order to be considered, written documentation must be submitted not later than 30 days after receipt of the notice of action." MDE-FNS issued its decision to suspend payments to PIQC on January 20, 2022, and its decision to terminate PIQC's CACFP agreement and to disqualify responsible individuals on January 31, 2022. PIQC appealed the January 20, 2022 decision on February 4, 2022 ("first appeal"), and the PIQC Appellants appealed the January 31, 2022 decision on February 15, 2022 ("second appeal").

In the first appeal, PIQC had until February 22, 2022 to submit supportive written documentation. In the second appeal, Appellants' written submissions deadline was March 2, 2022. Both MDE-FNS and PIQC Appellants submitted written documentation by the respective appeals' due dates. On April 5, 2022, Appellants submitted a Combined Statement along with Exhibits P, Q, R. The consolidated hearing on the two appeals took place on April 7, 2022. At the hearing, MDE-FNS stated it would not object to the admission of the April 5, 2022 documentation into the appeal record. The Appeal Panel allowed the inclusion of PIQC Appellants' April 5, 2022 submissions into the appeal record.

The Appeal Panel considered both sides' written submissions. Because of the volume of these submissions, they are listed at the end of this determination letter and are incorporated by reference.

## FINDINGS OF FACT

1. Responsibility for correctly implementing the CACFP is given to state agencies. In Minnesota, MDE-FNS is the division in the responsible state agency designated to implement CACFP programming.

2. Institutions, including sponsoring organizations ("sponsors"), sign agreements with the relevant state agency and are responsible for overseeing program operations. *See generally* 7 C.F.R. §§ 226.6(b), 226.15, 226.16. Sponsors receive federal reimbursement from the state agency to cover administrative and operating costs of preparing and serving meals to eligible children and adults. 7 C.F.R. § 226.4(a). Sponsors are subject to detailed regulatory requirements regarding operations and are assessed against three core performance standards: financial viability and financial management, administrative capability, and program accountability. 7 C.F.R. § 226.6(c)(3)(ii)(C) (cross-referencing standards).

3. PIQC and MDE entered into a CACFP permanent agreement ("agreement") on November 6, 2015. The agreement provides: "MDE will initiate action to terminate this agreement if [PIQC] has committed one or more serious deficiencies in administration of the Program. Seriously deficient actions are listed in Program regulations at 7 CFR[1] 226.6(c)(2)." (MDE-FNS Att. 10, Agreement, sec. 5.) It also provides: "MDE will disallow any portion of a claim for reimbursement and recover any payment to Sponsoring Organization that is not properly payable." (*Id*. sec. 6.)

4. The agreement sets forth, *inter alia*, the following obligations of PIQC as a sponsor:

    **(A) General Requirements**
    \*       \*       \*
    Provide adequate supervisory and operational personnel for management and monitoring of the Program.
    \*       \*       \*
    Operate a nonprofit food service using all of the income solely for the operation or improvement of the food service, except program income shall not be used to purchase land, to acquire or construct buildings, or to make alterations of existing buildings.
    \*       \*       \*
    Comply with all regulations issued by USDA, all instructions and handbooks issued by USDA to clarify or explain existing regulations, and all instructions and handbooks issued by MDE.
    \*       \*       \*
    Allow representatives of MDE, USDA and other federal or state officials to visit [PIQC] and sponsored sites . . . announced or unannounced. All program records must be available at [PIQC]'s office or site locations during these visits.
    \*       \*       \*
    **(B) Meal Service**
    \*       \*       \*

---

[1] Where the citation format of "CFR" is used in direct or block quotes, they are not changed to "C.F.R."

If meals claimed for CACFP reimbursement are provided under contract from a food service management (catering) company, . . . [PIQC] agrees to . . . [r]etain responsibility for ensuring that the food service operation conforms to this agreement.

\*       \*       \*

**(D) Claims for Reimbursement**

\*       \*       \*

[PIQC's c]laims for reimbursement must meet the following requirements: . . . Staff counted and documented the number of reimbursable meals served to participants with actual time-of-service meal counts for each daily meal service, except for family child care homes, which may . . . .

\*       \*       \*

[PIQC] acknowledges that:
- Failure to submit accurate claims will result in recovery of any overclaims by MDE and may result in the withholding of payments and suspension or termination from the Program.
- Program regulations provide for fines of up to $10,000 or imprisonment of up to five years, or both, for a person who embezzles, willfully misapplies, steals, or obtains by fraud, CACFP funds or a person who receives, conceals, or retains such funds to his use or gain knowing such funds to have been embezzled, willfully misapplied, stolen, or obtained by fraud.

**(E) Financial and Administrative Responsibility**

[PIQC] accepts final financial and administrative responsibility for management of a proper, efficient, and effective food service and agrees to:

\*       \*       \*

- Expend and account for funds in accordance with 7 CFR 226, USDA-FNS Instruction 796-2 ("Financial Management in the Child and Adult Care Food Program"), and 7 CFR parts 3015, 3016, and 3019.
- Maintain appropriate and effective management practices to ensure that Program requirements are met, including having adequate supervisory and operational personnel for management and monitoring of the Program.
- Maintain internal controls and other management systems to ensure fiscal accountability . . .

\*       \*       \*

**(F) Records**

[PIQC] agrees to establish recordkeeping procedures and to collect and maintain all required Program records. Failure to maintain such records shall be grounds for the denial of reimbursement for meals served during the period covered by the records in question and for the denial of reimbursement for costs associated with such records. . . .

\*       \*       \*

**(H) Corrective Actions**

>> [PIQC] agrees to complete corrective actions issued by MDE within timeframes specified by MDE.
> \*   \*   \*
> **(N) Additional Requirements for Multi-Site Sponsoring Organizations**
> \*   \*   \*
> [PIQC] accepts final administrative and financial responsibility for food service operations in all sponsored sites.

(*Id*. sec. 7.)

5. MDE-FNS represents that, in March 2020, the United States Department of Agriculture (USDA) Child Nutrition waived certain CACFP regulatory requirements due to the COVID-19 pandemic, and that from April to September 2020, MDE-FNS provided technical assistance and guidance to PIQC on its CACFP At-Risk and SFSP Child Nutrition Programs. According to MDE-FNS, in September 2020, PIQC began to request numerous Cyber-Linked Interactive Child Nutrition System (CLiCS) site ID requests, which marked the onset of PIQC's massive growth.

6. MDE-FNS indicates that, from January to March 2021, MDE-FNS received multiple complaints regarding PIQC's operation. On March 31, 2021, MDE-FNS issued a Notice of Serious Deficiency[2] to PIQC. The Notice of Serious Deficiency states, in relevant part, the following:

> This letter concerns the Failure by Partners in Quality Care to operate the Child and Adult Care Food Program in conformance with the performance standards set forth in 7 CFR 226.6(b)(1)(xviii); (b)(2)(vii); of Partners in Quality Care's operation of the Child and Adult Care Food Program (CACFP).
>
> SERIOUS DEFICIENCY DETERMINATION
>
> Based on the concerns, the Minnesota Department of Education (MDE) has determined that Partners in Quality Care is seriously deficient in its operation of the CACFP. In addition, the MDE has identified Kara Lomen and Jim Handrigan as responsible for the serious deficiencies in light of their responsibility for the overall management of Partners in Quality Care's operations.
> \*   \*   \*
> These actions are being taken pursuant to 7 CFR 226.6(c)(3) of the CACFP regulations.
> \*   \*   \*
> As a result of this serious deficiency, Partners in Quality Care Program Meal claims will be held on "stop pay" until the claim is validated by the state agency, which will be determined by your submission of the corrective action plan and

---

[2] The MDE-FNS determination of serious deficiency is ***not*** an appealable action, as set forth in the CACFP Appeal Procedure, which references 7 C.F.R. § 226.6(k)(3). Because MDE-FNS's January 31, 2022 letter cites PIQC's failure to correct serious deficiencies as the basis for its decision of proposed termination and disqualification, the procedural posture of MDE-FNS's serious deficiencies findings is mentioned here only for the purpose of providing the necessary context for the appealable action of proposed termination and disqualification.

> meal validation documentation. No additional site IDs will be created in CLiCS nor transferred to Partners in Quality Care and all pending CACFP applications will be suspended effective March 31, 2021.
>
> Also as a result of this serious deficiency your Summer Food Program (SFSP) application for Program Year 2022 will be denied as per 7 CFR 225.6(b)(9) and 7 CFR 225.11(c).

(MDE-FNS Att. 5.) Under the subheading "Serious Deficiencies and Required Corrective Action," MDE-FNS listed the identified serious deficiencies under three general categories: (1) Performance Standard 1—Financial viability and financial management; (2) Performance Standard 2—Administrative capability; and (3) Performance Standard 3—Program accountability. (*Id*. at 2-3.)

7. MDE-FNS states that, also on March 31, 2021, MDE-FNS suspended payments to PIQC and directed it to submit supporting meal documentation for the March 2021 reimbursement claims. An email forwarded to MDE-FNS on April 2, 2021 indicates that, on April 1, 2021, PIQC's Kara Lomen notified PIQC's sites that PIQC's Board of Directors had made the executive decision to immediately suspend participation in the CACFP At Risk Afterschool Program and the SFSP. (MDE-FNS Att. 6.)

8. On April 27, 2021, MDE-FNS informed PIQC by letter that it would remove the suspension of payments but "reserve[d] the right to collect validation documents and seek recovery of payments for disallowed meal claims as allowed or required by federal regulations." (MDE-FNS Att. 7.)

9. On June 16, 2021, MDE-FNS issued a letter accepting PIQC's submitted corrective action and deferred the CACFP serious deficiency determination. The letter states, in relevant part:

> ***SERIOUS DEFICIENCY DETERMINATION***
> Based on the review of the documentation, the State agency has determined that Partners in Quality Care has fully and permanently corrected the serious deficiencies that were cited in the Serious Deficiency Notice. As a result, the serious deficiency determination has been temporarily deferred as of the date of this letter. This also means that the State agency will not propose to termination Partners in Quality Care's agreement based on this March 31, 2021 serious deficiency finding and disqualify Kara Lomen, Executive Director, and Jim Handrigan, Board President, on that basis.
>
>            \*        \*        \*
>
> ***SUMMARY***
> The Minnesota Department of Education has temporarily deferred the serious deficiency determination. However, if, in any subsequent review, any of these serious deficiencies have not been fully and permanently corrected, the Minnesota Department of Education will immediately propose to terminate Partners in Quality Care's agreement and propose to disqualify Kara Lomen, Executive Director, and Jim Handrigan, Board President, without any further opportunity for corrective action.

(MDE-FNS Att. 7.) MDE-FNS represents that, from July to December 2021, it provided PIQC with bi-weekly technical assistance at the latter's request.

10. The Federal Bureau of Investigation (FBI) has been investigating Feeding Our Future and others of a scheme to defraud the federal government and launder money through the federal Child Nutrition programs, including SFSP and CACFP. The investigation and the search warrants were made public on January 20, 2022. Based on the appeal record, PIQC is mentioned a few times in two FBI agents' affidavits in support of the search warrants. (MDE-FNS Atts. 11, 13.)

11. Also on January 20, 2022, MDE-FNS notified PIQC in a letter with the subject line "Suspension of payments in CACFP" that it was "suspending payment of claim reimbursement for [PIQC] as of January 20, 2022." (PIQC Ex. A-1.) The letter also states, in relevant part:

> Federal regulations 7 CFR 226.10(f) and 7 CFR 225.9(d)(10) states that if a State agency has reason to believe that an institution has engaged in unlawful acts with respect to Program operations, the evidence is basis for non-payment of claims for reimbursement. Therefore, Partners in Nutrition dba Partners in Quality Care will be immediately suspended from receiving payments through the Cyber-Linked Interactive Child Nutrition System (CLiCS) for CACFP. MDE will be evaluating the affidavits and following up with your organization in the next week.
>
> Additional federal regulatory authority of the withholding of payments is found in 2 CFR 200.339 under remedies for noncompliance.

(*Id*.)

12. On January 31, 2022, MDE-FNS notified PIQC and eight (8) individuals[3] that, as of February 15, 2022, MDE-FNS would propose to terminate PIQC's CACFP agreement and disqualify PIQC and the eight named individuals from future CACFP participation. The letter states, in pertinent part:

> This letter concerns the Serious Deficiency Notice dated March 31, 2021 which determined that Partners in Nutrition dba Partners in Quality Care is seriously deficient in its operation of the Child and Adult Care Food Program (CACFP) for failure to conform to the performance standards . . .
>
> \*       \*       \*
>
> . . . A summary of the findings of nonconformance are attached to this proposed termination and disqualification notice.
>
> ***Proposed Termination and Proposed Disqualification 7 CFR 226.6(c)(3)(ii)(U)***

---

[3] The eight named individuals are: Kara Lomen, Jodie Luzum, Julius Scarver, Sue Ostfield, Donnie Preston, Jim Handrigan, Dan Smeriglio and Christine Twait. MDE-FNS notified the Appeal Panel that it subsequently withdrew the disqualification of Sue Ostfield and Donnie Preston as they had resigned from the board prior to the proposed disqualification decision. (MDE-FNS Termination and Disqualification Appeal Summary at 1.)

(PIQC Ex. 1-6, bolded and italicized emphasis in original.)

13. On February 4, 2022, PIQC requested appeal of the January 20, 2022 suspension of payments decision. (PIQC Ex. B.)

14. On February 15, 2022, PIQC Appellants appealed the January 31, 2022 proposed termination and disqualification decision. (PIQC Ex. 2-1.)

## CONCLUSIONS OF LAW

1. The United States Department of Agriculture (USDA) administers the Child and Adult Care Food Program pursuant to federal regulations at 7 C.F.R. Part 226. *See* 7 C.F.R. § 226.1.

2. Federal regulations at 7 C.F.R. § 226.7 provide the state agency "shall maintain an acceptable financial management system, adhere to financial management standards and otherwise carry out financial management policies in accordance with 2 C.F.R part 200[.]"

3. The suspension of payment decision and the proposed termination of PIQC's CACFP agreement and disqualification of PIQC and its responsible individuals decision are appealable actions before the Appeal Panel. 7 C.F.R. § 226.6(k)(2).

4. Federal regulations at 7 C.F.R. § 226.6 provides: "[a]ny information on which the State agency's action was based must be available to the institution and the responsible principals and responsible individuals for inspection from the date of receipt of the request for an administrative review." 7 C.F.R. § 226.6(k)(5)(vi). *See also* CACFP Appeal Procedure, sec. 4.

5. Federal regulations at 2 C.F.R. § 200.303 provide that "the non-Federal entity [MDE in this context] must . . . [t]ake prompt action when instances of noncompliance are identified[.]" 2 C.F.R. § 200.303(d).

6. Under federal regulations at 7 C.F.R. § 226.6, "[i]f the State agency determines that an institution has knowingly submitted a false or fraudulent claim, the State agency . . . must initiate action to terminate the institution's agreement[.]" 7 C.F.R. § 226.6(c)(5)(ii)(A). "If the State agency determines that a participating institution has committed one or more serious deficiency listed in [7 C.F.R. § 226.6(c)(3)(ii)], the State agency must initiate action to terminate the agreement of a participating institution[.]" 7 C.F.R. § 226.6(c)(3)(i). Such serious deficiencies include, for instance, the following:

   > *    *    *
   > (C) Failure to operate the Program in conformance with the performance standards set forth in paragraphs (b)(1)(xviii) and (b)(2)(vii) of [7 C.F.R. § 226.6];
   > *    *    *
   > (F) Failure to maintain adequate records;
   > (G) Failure to adjust meal orders to conform to variations in the number of participants;
   > *    *    *

>> (I) Claiming reimbursement for a significant number of meals that do not meet Program requirements;
>> \* \* \*
>> (O) Failure by a sponsoring organization to properly train or monitor sponsored facilities in accordance with § 226.16(d);
>> \* \* \*
>> (Q) Failure to perform any of the other financial and administrative responsibilities required by this part;
>> \* \* \*
>> (U) Any other action affecting the institution's ability to administer the Program in accordance with Program requirements.

> 7 C.F.R. § 226.6(c)(3)(ii).

7. If MDE-FNS determines that a participating institution has committed one or more serious deficiencies listed in 7 C.F.R. § 226.6(c)(3)(ii), MDE-FNS must provide the institution and the responsible principals with notice of the serious deficiencies and an opportunity to take corrective action.[4] The serious deficiency notice must "specify," *inter alia*, the following:

   >> (1) The serious deficiency(ies);
   >> (2) The actions to be taken to correct the serious deficiency(ies);
   >> (3) The time allotted to correct the serious deficiency(ies) in accordance with [7 C.F.R. § 226.6(c)(4)].
   >> \* \* \*

   > 7 C.F.R. § 226.6(c)(3)(iii)(A).

8. Where a sponsoring organization fails to take timely corrective action to fully and permanently correct the serious deficiencies identified by MDE-FNS, the state agency "must notify the institution's executive director and chairman of the board of directors, and the responsible principals and responsible individuals, that [MDE-FNS'] is proposing to terminate the institution's agreement and to disqualify the institution and the responsible principals and responsible individuals." 7 C.F.R. § 226.6(c)(3)(iii). The notice of proposed termination and disqualification must specify the basis for MDE-FNS's actions. 7 C.F.R. § 226.6(c)(3)(iii)(C)(2).

9. Federal regulations at 2 C.F.R. § 200.340 provide: "[t]he Federal award may be terminated in whole or in part . . . [b]y the Federal awarding agency or pass-through entity, if a non-Federal entity fails to comply with the terms and conditions of a Federal award[.]" 2 C.F.R. § 200.340(a)(1). "Pass-through entity (PTE) means a non-Federal entity that provides a subaward to a subrecipient to carry out part of a Federal program." 2 C.F.R. § 200.1. In the context of the CACFP, MDE is the pass-through entity for the purposes of Federal regulations.

---

[4] If the serious deficiency constitutes an imminent threat to the health or safety of participants, or if the institution has engaged in activities that threaten the public health or safety, a separate procedure set forth under 7 C.F.R. § 226.6(c)(5)(i) must be followed.

10. If MDE-FNS determines the noncompliance by a participating institution cannot be remedied by imposing additional conditions, it may take one or more actions as appropriate under the circumstances, including, for instance, to "initiate suspension or debarment proceedings," and "[w]ithhold further Federal awards for the project or program." 2 C.F.R. § 200.339 (d), (e).

11. Because the determination of serious deficiency is not an appealable action, this consolidated decision does not adjudicate whether MDE-FNS's serious deficiency findings were proper. Instead, the issues for this Appeal Panel to adjudicate are (1) whether MDE-FNS's January 20, 2022 suspension of payments decision was legally appropriate; and (2) whether MDE-FNS's January 31, 2022 proposed termination and disqualification decision was legally appropriate.

12. As an initial matter, the CACFP Appeal Procedure, which incorporates the federal regulations, requires that information on which MDE's action was based "must be available" to each appellant "from the date of receipt of the appeal request." CACFP Appeal Procedure, at para. 4; *see also* 7 C.F.R. § 226.6(k)(5)(vi). Here, MDE-FNS's decisions letters of January 20 and 31, 2022 state that it relied on the unsealed FBI search warrants, affidavits and other relevant information as basis for its decisions. The appeal record indicates that MDE-FNS did not make available to PIQC Appellants for inspection these pertinent documents on which MDE-FNS's action was based from the dates it received PIQC Appellants' two appeal notices.[5] Therefore, MDE-FNS did not furnish supporting documents of its administrative actions in accordance with the timeframe prescribed by the appeal procedure and federal regulations.

**Analysis - January 20, 2022 Suspension of Payments Decision**

13. The text of the January 20, 2022 suspension of payment notice states MDE-FNS's action was "withholding of payments" pursuant to "2 CFR 200.339 under remedies for noncompliance." (PIQC Ex. A-1.) While subpart (e) of 2 C.F.R. § 200.339 reads: "[w]ithhold further Federal awards for the project or program[,]" which appears to employ the same term "withhold" as used in MDE-FNS's notice, MDE-FNS answered at the April 7, 2022 hearing that it "took the action to suspend payments under 2 C.F.R. 200 subpart D[.]" (April 7, 2022 Hrg. Tr. 39:4-17.)

14. Subpart (d) of 2 C.F.R. § 200.339 allows a state agency to "[i]nitiate suspension . . . proceedings[.]" The CACFP federal regulations under Chapter 226 provides for a set of procedural requirements for proposed suspension of participation. To suspend an institution from participation for reasons other than public health or safety, the MDE-FNS must issue a notice that contains the five components listed under 7 C.F.R. § 226.6(c)(5)(ii)(B) and appoint a suspension review official to investigate and issue a suspension review decision pursuant to 7 C.F.R. § 226.6(c)(5)(ii)(C)-(D).

15. The appeal record contains no documentation that suggests a notice that articulates the five components listed under 7 C.F.R. § 226.6(c)(5)(ii)(B) was issued. Nor does the record indicate that a suspension review official was appointed to render a suspension review decision. It appears that MDE-

---

[5] In the first appeal, PIQC submitted its Notice of Appeal on February 4, 2022 and MDE issued its Appeal Acknowledgement Letters on February 11, 2022. In the second appeal, PIQC Appellants submitted their Notice of Appeal on February 15, 2022 and MDE issued its Appeal Acknowledgement Letters on February 23, 2022. Presumably, the dates on which MDE-FNS received the notices of the two appeals would have been no later than February 11 and 23, 2022.

FNS either cited an incorrect federal regulatory provision for its action of "withholding" payments, or did not conduct a suspension proceeding in a manner consistent with 7 C.F.R. § 226.6(c)(5)(ii)(B).

16. The Appeal Panel also notes that, the January 20, 2022 notice's subject line states "Suspension of payments in CACFP" but the body of the notice cites both 7 C.F.R. § 226.10(f) and 7 C.F.R. § 225.9(d)(10). The second citation to the federal regulation is under Chapter 225, which governs the SFSP, not CACFP. The January 20, 2022 letter did not constitute notice for an agency action under the SFSP. If MDE-FNS intends its action to apply to both the CACFP and the SFSP operated by PIQC, the MDE-FNS should additionally follow the SFSP federal regulations, which are found under Chapter 7 C.F.R. § 225 and other provisions it incorporates by reference.

**Analysis - January 31, 2022 Proposed Termination and Disqualification Decision**

17. If MDE-FNS determines that PIQC has committed one or more serious deficiencies listed in 7 C.F.R. § 226.6(c)(3)(ii), it "must" follow the prescribed procedures "to provide [PIQC] and the responsible principals and responsible individuals notice . . . and an opportunity to take corrective action." 7 C.F.R. § 226.6(c)(3)(iii). "If timely corrective action is not taken to fully and permanently correct the serious deficiency(ies)," MDE-FNS "must notify [PIQC's] executive director and chairman of the board of directors, and the responsible principals and responsible individuals," that MDE-FNS is proposing to terminate [PIQC's] agreement and to disqualify the institution and the responsible principals and responsible individuals." *Id*. In other words, the proposed termination and disqualification decision must be based on instances of serious deficiency previously identified, for which due notice was given, and to which an opportunity to take corrective action was provided.

18. In its March 31, 2021 Notice of Serious Deficiency, MDE-FNS states expressly that it based the serious deficiency findings on PIQC's failure to conform "with the performance standards set forth in 7 CFR 226.6(b)(1)(xviii); (b)(2)(vii)." (MDE-FNS Att. 5, at 1.) The notice also states "[t]hese actions are being taken pursuant to 7 CFR 226.6(c)(3) of the CACFP regulations." (*Id*. at 2.) Serious deficiencies of failure to comply with performance standards specifically falls under subpart (C) of 7 C.F.R. § 226.6(c)(3)(ii).

19. In contrast, MDE-FNS's January 31, 2022 proposed termination and disqualification decision expressly states: "Proposed Termination and Proposed Disqualification 7 CFR 226.6(c)(3)(ii)(U)." (PIQC Ex. 1-6.) Subpart (U) covers "[a]ny *other* action affecting the institution's ability to administer the Program in accordance with Program requirements." 7 C.F.R. § 226.6(c)(3)(ii)(U) (emphasis added). The term "other" implies the serious deficiencies identified under (U) should be those other than failure to conform with performance standards, because the latter falls squarely within subpart (C).

20. Notably, the last two pages of MDE-FNS's January 31, 2022 letter is a document titled "Status of serious deficiencies and ***findings of non-conformance to CACFP performance standards***[.]" ("Status and Findings") (MDE-FNS Att. 5, at 5-6, emphasis added.) This shows that while the decision letter cites to subpart (U), the actual basis stated in the Status and Findings continues to be under subpart (C). The last paragraph of the Status and Findings attempts to tie the serious deficiencies described on January 31, 2022 back to "the serious deficiency declared on March 31, 2021 and temporarily deferred on June 16[,] 2021" (*Id*. at 6.) However, when one juxtaposes the serious deficiencies as presented in the March 31, 2021 notice and the June 16 2021 letter with the serious deficiencies set forth in the Status and Findings

attached to the January 31, 2022 decision, the plain text of these documents do not make it readily apparent that the serious deficiencies identified on January 31, 2022 necessarily constitute a recurrence of those listed on March 31, 2021 and temporarily deemed "fully and permanently corrected" by MDE-FNS on June 16, 2021. (*Cf.* MDE-FNS Atts. 5, 8, 7; *see also* PIQC Ex. 1-8.) Therefore, based on the appeal record, MDE-FNS has not sufficiently established that, prior to January 31, 2022, it had provided proper notice to PIQC Appellants for the serious deficiency findings articulated in the January 31, 2022 Status and Findings based on which it issued the proposed termination and disqualification decision. Without due notice, PIQC Appellants cannot be deemed to have had an opportunity to take corrective action as to the same.

21. The Appeal Panel also notes that, during the hearing, MDE-FNS stated that based on the information it received, PIQC had also failed to maintain adequate records, failed to adjust meal orders to conform to variations in the number of participants; claimed reimbursement for a significant number of meals that did not meet CACFP requirements; failed to properly train or monitor sponsored facilities; failed to perform other financial and administrative responsibilities required by federal regulations or requirements. (April 7, 2022 Hrg. Tr. 39:22-41:7.) These categories of serious deficiency are respectively set forth under subparts (F), (G), (I), (O), and (Q) of 7 C.F.R. § 226.6(c)(3)(ii). Issues under these regulatory provisions are not before the Appeal Panel in this administrative appeal because they are not part of the appeal record. If MDE-FNS believed these serious deficiencies had occurred, it should have followed the regulatory provisions for providing notice and an opportunity to take corrective action by consistently citing to all of the relevant subparts that constitute MDE-FNS's grounds for proposed termination and disqualification.

22. Moreover, the March 31, 2021 serious deficiency notice and the June 16, 2021 temporary deferment letter mention only Kara Lomen and Jim Handrigan. (MDE-FNS Atts. 5, 8.) The January 31, 2022 decision mentions Julius Scarver, Jodie Luzum, Dan Smeriglio, and Christine Twait for the first time. These four individuals did not receive proper notice for their proposed disqualification.

23. For these reasons, MDE-FNS has not fully discharged its duties to provide PIQC Appellants with due notice and an opportunity to correct the serious deficiencies before moving forward with their disqualification and PIQC's termination. MDE-FNS's issuance of the January 31, 2022 decision is procedurally premature and improper.

**FINAL DETERMINATION**

For the reasons stated above, and based on the information reviewed, the Appeal Panel reverses MDE-FNS' January 20, 2022 suspension of payments decision and January 31, 2022 proposed termination and disqualification decision, and remands back to MDE-FNS to re-assess the matter and carry out MDE-FNS's duties in a manner consistent with the applicable federal regulations and procedural rules.[6]

---

[6] With respect to PIQC's alleged involvement with other entities' reportedly fraudulent and unlawful conduct as set forth in the FBI sworn statements, PIQC Appellants deny that they played a role in any illegality. PIQC Appellants contend that PIQC is only sporadically mentioned in the FBI affidavits and that they did not knowingly partake in any wrongdoing to the extent any illegal act was committed. The Appeal Panel notes that these substantive issues should be viewed and are more appropriately addressed in the context of MDE-FNS's serious deficiency determination, which in itself is an unappealable

In accordance with 7 C.F.R. § 226.6(k)(5)(x), the determination by the Appeal Panel is the final administrative determination regarding the appellant.

Respectfully,

*Dr. Stephanie S. Burrage*

Dr. Stephanie Burrage, Appeal Panel Chair
Mary Weigel, Appeal Panel Member
Karen Calcaterra, Appeal Panel Member

CC:   Monica Herrera, Director, MDE-FNS
      Kristine Nogosek, attorney for MDE-FNS


action. Because MDE-FNS's appealable decisions are hereby reversed and remanded, these substantive issues should be re-evaluated by MDE-FNS when it discharges its regulatory duties on remand in a manner consistent with the procedural requirements for its agency actions.

## DOCUMENTS REVIEWED

MDE's Appeal Panel considered the following documents submitted or referenced by MDE-FNS and Appellants, and the April 7, 2022 hearing transcript:

1. Federal Regulations: 7 C.F.R. Part 226; 7 C.F.R. Part 225; 2 C.F.R. Part 200

2. Child and Adult Care Food Program Appeal Procedure

3. January 20, 2022 MDE-FNS Suspension of Payments Letter

4. January 27, 2022 PIQC Counsel Letter to MDE-FNS

5. January 31, 2022 MDE-FNS Proposed Termination and Disqualification Letter

6. February 4, 2022 PIQC Notice of Suspension of Payments Appeal

7. February 15, 2022 Appellants Notice of Termination and Disqualification Appeal

8. February 11, 2022 MDE Appeal Acknowledgement Letter

9. February 23, 2022 MDE Appeal Acknowledgement Letter

10. March 9, 2022 MDE Notice of Hearing on Suspension of Payments Appeal

11. March 9, 2022 MDE Notice of Hearing on Termination and Disqualification Appeal

12. March 24, 2022 MDE Amended Notice of Consolidating Appeal Hearing

13. Hearing Agenda

14. MDE External Partners SharePoint Instructions

15. MDE-FNS Submissions (for Suspension of Payments Appeal):

    a. MDE Summary and Timeline for Suspension of Payments, and its Attachments:
    b. Attachment 1: 2 CFR Part 200 Subpart D – Post Federal Award Requirements
    c. Attachment 2: 7 CFR Part 226 – Child and Adult Care Food Program
    d. Attachment 3: 7 CFR Part 225 – Summer Food Service Program
    e. Attachment 4: Meal Claim Submission Instructions
    f. Attachment 5: March 31, 2021 MDE-FNS Notice of Serious Deficiency Determination
    g. Attachment 6: April 2, 2021 Email from Mohamud Isse to MDE, forwarding Kara Lomen April 1, 2021 Email with subject line "Important: Suspension of Program"
    h. Attachment 7: April 27, 2021 MDE-FNS Letter to PIQC with subject line "March 31, 2021 Serious Deficiency Notice Issues to [PIQC]"
    i. Attachment 8: June 16, 2021 MDE-FNS Notice of Temporary Deferment of Serious Deficiency
    j. Attachment 9: April 8, 2021 Letter from PIQC Board of Directors "to all programs sponsored by [PIQC]"

- k. Attachment 10: Partners in Nutrition Executed CACFP Program Agreement dated November 6, 2015
- l. Attachment 11: 13825 Edgewood Avenue South, Savage, MN Search Warrant and Affidavit, Case No. 22-MJ-009 (D. Minn.)
- m. Attachment 12: 13299 Bronze Parkway, Rosemount, MN Search Warrant and Affidavit, Case No. 22-MJ-040 (D. Minn.)
- n. Attachment 13: 10032 Scott Avenue North Brooklyn Park, MN Search Warrant and Affidavit, Case No. 22-MJ-31 (D. Minn.)

16. MDE-FNS Submissions (for Suspension of Payments Appeal):

- a. MDE Summary and Timeline for Termination and Disqualification, and its Attachments:
- b. Attachment 1: 2 CFR Part 200 Subpart D – Post Federal Award Requirements
- c. Attachment 2: 7 CFR Part 226 – Child and Adult Care Food Program
- d. Attachment 3: 7 CFR Part 225 – Summer Food Service Program
- e. Attachment 4: Meal Claim Submission Instructions
- f. Attachment 5: March 31, 2021 MDE-FNS Notice of Serious Deficiency Determination
- g. Attachment 6: April 2, 2021 Email from Mohamud Isse to MDE, forwarding Kara Lomen April 1, 2021 Email with subject line "Important: Suspension of Program"
- h. Attachment 7: April 27, 2021 MDE-FNS Letter to PIQC with subject line "March 31, 2021 Serious Deficiency Notice Issues to [PIQC]"
- i. Attachment 8: June 16, 2021 MDE-FNS Notice of Temporary Deferment of Serious Deficiency
- j. Attachment 9: April 8, 2021 Letter from PIQC Board of Directors "to all programs sponsored by [PIQC]"
- k. Attachment 10: Partners in Nutrition Executed CACFP Program Agreement dated November 6, 2015
- l. Attachment 11: 13825 Edgewood Avenue South, Savage, MN Search Warrant and Affidavit, Case No. 22-MJ-009 (D. Minn.)
- m. Attachment 12: 13299 Bronze Parkway, Rosemount, MN Search Warrant and Affidavit, Case No. 22-MJ-040 (D. Minn.)
- n. Attachment 13: 10032 Scott Avenue North Brooklyn Park, MN Search Warrant and Affidavit, Case No. 22-MJ-31 (D. Minn.)
- o. Attachment 14: Serious Deficiency, Suspension, & Appeals for State Agencies & Sponsoring Organizations, USDA CACFP Handbook
- p. Attachment 15: April 28, 2021 Corrective Action Plan Narrative Summary
- q. Attachment 16: April 28, 2021 Corrective Action Plan Summary Table
- r. Attachment 17: PIQC Policies and Procedures on Facility Recruitment
- s. Attachment 18: PIQC Policies and Procedures on Meal Claims

17. PIQC Submissions (for Suspension of Payments Appeal):

- a. February 22, 2022 Supporting Statement for Appeal of Suspension of Payments
- b. Exhibit A-1: January 20, 2022 MDE-FNS Letter to PIQC titled "Suspension of Payments in CACFP"

c. Exhibit B: February 4, 2022 PIQC Notice of Appeal of MDE-FNS Decision to Suspend Payments
d. Exhibit C-1: February 11, 2022 MDE-FNS Letter to PIQC Acknowledging First Appeal
e. Exhibit C-2: February 14, 2022 MDE-FNS Letter to PIQC Notifying PIQC of Mailing of Letter Acknowledging First Appeal
f. Exhibit C-3: February 14, 2022 attorney Nathan Converse email to MDE-FNS requesting materials related to MDE-FNS's suspension decision
g. Exhibit C-4: February 14, 2022 MDE-FNS Allison Loomis email to attorney Nathan Converse providing SharePoint site access instructions
h. Exhibit C-5: February 15, 2022 MDE-FNS Allison Loomis email to PIQC and MDE-FNS recipients providing link to SharePoint folder for the first appeal
i. Exhibit C-6: Screenshot of PIQC Suspension of Payments Appeal SharePoint Site
j. Exhibit C-7: Screenshot of PIQC Suspension of Payments Appeal SharePoint Site
k. Exhibit C-8: Screenshot of PIQC Suspension of Payments Appeal SharePoint Site
l. Exhibit D: Child and Adult Care Food Program Appeal Procedure
m. Exhibit E-2[7]: Serious Deficiency, Suspension, & Appeals for State Agencies & Sponsoring Organizations, USDA CACFP Handbook
n. Exhibit H-1: Tax Exempt Organization Search Result for Partners in Nutrition
o. Exhibit H-2: PIN Audited Financial Statements dated September 30, 2019
p. Exhibit I-1: October 11, 2021 Email from MDE-FNS to PIQC with subject line "Approval Notice Sponsor ID: 2000010186"
q. Exhibit I-2: Organization Chart
r. Exhibit I-3: Job Descriptions
s. Exhibit J-1: Policies and Procedures Related to Training
t. Exhibit J-2: Document Titled – Child Enrollment
u. Exhibit J-3: Document Titled – Income Eligibility
v. Exhibit J-4: Document Titled – Notification by Facilities
w. Exhibit J-5: Document Titled – Licensing
x. Exhibit J-6: Document Titled – Documents Supporting Claims for Reimbursement
y. Exhibit K: Document Titled – Notification of CACFP and WIC
z. Exhibit L-1: Document Titled – Monitoring Schedules
aa. Exhibit L-2: Document Titled – Monitoring Visit Procedures
bb. Exhibit L-3: Document Titled – Noncompliance Follow up
cc. Exhibit L-4: Document Titled – Threats to Health and Safety
dd. Exhibit L-5: Document Titled – Oversight of Monitoring Staff
ee. Exhibit L-6: Document Titled – Household Contacts
ff. Exhibit M: January 14, 2022 Email from Karen Lomen to MDE's Ebbisse Williams with subject line "Budget Update #1 January 14, 2022"
gg. Exhibit N-1: PIQC Policies and Procedures on Financial Management Accounting Systems
hh. Exhibit N-2: PIQC Policies and Procedures on Internal Controls
ii. Exhibit N-3: PIQC Policies and Procedures on Budget Adjustments
jj. Exhibit N-4: Document Titled – Returning Funds

---

[7] Exhibit E-1 is not located in SharePoint Site among PIQC's submissions.

- kk. Exhibit N-5: MDE Procurement Procedure Template Requirements
- ll. Exhibit N-6: Document Titled – Equipment
- mm. Exhibit N-7: Document Titled – Depreciation
- nn. Exhibit N-8: Document Titled – Personal Use of Sponsor Property
- oo. Exhibit N-9: PIQC Policies and Procedures on Disbursement Allocation
- pp. Exhibit O: December 14, 2021 Email from MDE to PIQC with subject line "Technical Assistance Request – Operational Improvements"

18. PIQC Appellants Submissions (for Proposed Termination and Disqualification Appeal):

- a. March 2, 2022 Appellants' Supporting Statement for Appeal[8]
- b. Exhibit 1-1: March 31, 2021 MDE-FNS Notice of Serious Deficiency Determination
- c. Exhibit 1-2: April 27, 2021 MDE-FNS Letter to PIQC with subject line "March 31, 2021 Serious Deficiency Notice Issues to [PIQC]"
- d. Exhibit 1-3: April 28, 2021 Corrective Action Plan Summary Table
- e. Exhibit 1-4: April 28, 2021 Corrective Action Plan Narrative Summary
- f. Exhibit 1-5: June 16, 2021 MDE-FNS Notice of Temporary Deferment of Serious Deficiency
- g. Exhibit 1-6: January 31, 2022 MDE-FNS Termination and Disqualification Letter
- h. Exhibit 1-7: Child and Adult Care Food Program Appeal Procedure
- i. Exhibit 1-7: Appellants'[9] Comparison Chart
- j. Exhibit 2-1: February 15, 2022 Appellants Notice of Termination and Disqualification Appeal
- k. Exhibit 2-2: February 23, 2022 MDE Appeal Acknowledgement Letter
- l. Exhibit 3-1: 13299 Bronze Parkway, Rosemount, MN Search Warrant and Affidavit, Case No. 22-MJ-040 (D. Minn.)
- m. Exhibit 3-2: 10032 Scott Avenue North Brooklyn Park, MN Search Warrant and Affidavit, Case No. 22-MJ-31 (D. Minn.)
- n. Exhibit 3-3: 13825 Edgewood Avenue South, Savage, MN Search Warrant and Affidavit, Case No. 22-MJ-009 (D. Minn.)
- o. Exhibit 4: Appellants' List of organizations mentioned in the three affidavits/warrants
- p. Exhibit 5: Appellants' List of approved sites operating allegedly as or using a "shell company"
- q. Exhibit 6: *A document described by Appellants as "MDE FY2022 Budget Approval" but appears to be an organizational chart*
- r. Exhibits 7-1 through 7-9[10]: Select Sections of PIQC Policies and Procedures
- s. Exhibit 8: January 14, 2022 Email from Kara Lomen to MDE's Williams Ebbisse with subject line "Budge Update #1 January 14, 2022"
- t. Exhibits 9-1 through 9-4: IRS Tax Exempt Determination Letters

---

[8] The March 2, 2022 Supporting Statement's caption states it is for suspension of payments. Based on the submission due date and the contents of this document, it appears to be for the appeal of MDE-FNS's January 31, 2022 termination and disqualification decision.

[9] Where a document appears to be compiled by Appellants rather than generated in regular business transactions, the word "Appellants'" is added to the description of the document name.

[10] Where numbered exhibits can be described in one general category, they are grouped together in the list.

    u.     Exhibits 10-1 through 10-11: At Risk Afterschool Applications
    v.     Exhibit 10-12: Mind Foundry After School Program Brochure
    w.    Exhibits 11-1 through 11-8: Invoices
    x.     Exhibit 11-9: Additional Documentation of Food Purchases by Empire Cuisine
    y.     Exhibits 11-10 through 11-27: Photos from Site Visits
    z.     Exhibits 11-28 through 11-31: Invoices
    aa.   Exhibit 12-1: PIQC Organizational Chart
    bb.   Exhibit 12-2: PIQC Job Descriptions
    cc.   Exhibits 13-1 through 13-6: Select Sections of PIQC Policies
    dd.   Exhibit 14: PIQC Policies and Procedures on Meal Claims
    ee.   Exhibits 15-1 through 15-36: 2021 SFSP Menus
    ff.    Exhibits 15-37 through 15-71: 2021 SFSP Meal Counts
    gg.   Exhibits 15-72 through 15-83: December 2021 Attendance and Meal Counts
    hh.   Exhibits 15-84 through 15-95: December 2021 Menus
    ii.    Exhibits 16-1 through 16-33: Documentation on Site Visits
    jj.    Exhibit 17-1: PIQC Policies and Procedures on Training
    kk.   Exhibits 17-2 through 17-5: Select Sections of PIQC Policies
    ll.    Exhibit 18-1: PIQC Chair Care Training Book
    mm.  Exhibit 18-2: PIQC Adult Care Training Book
    nn.   Exhibit 18-3: PIQC At Risk Afterschool Training Book
    oo.   Exhibits 18-4 through 18-11: Training Signature Sheets
    pp.   Exhibit 19: *A document described by Appellants as "MDE FY 2022 Budget" but appears to be an email dated October 11, 2021 from MDE-FNS to PIQC's Kara Lomen with the subject line "Approval Notice Sponsor ID: 2000010186."*
    qq.   Appellants' Exhibit List

19. PIQC Appellants April 5, 2022 Combined Submissions:

    a.     Appellants' Combined Statement
    b.     Exhibit P: Screenshots of SharePoint Suspension Appeal File
    c.     Exhibit Q: Screenshots of SharePoint Termination and Disqualification Appeal File
    d.     Exhibit R: February 23, 2022 Email from MDE's Allison Loomis with SharePoint Link

20. Appeal Correspondence:

    a.     February 4, 2022 Attorney Weinhardt Email attaching Notice of Appeal
    b.     February 14, 2022 Allison Loomis Email with Attachments
    c.     February 15, 2022 Attorney Weinhardt Letter to MDE-FNS
    d.     February 23, 2022 Allison Loomis Email with Attachments
    e.     March 17 – 22, 2022 Email thread wherein Attorney Weinhardt Requested Consolidation of Hearings
    f.     March 25, 2022 Attorney Weinhardt Letter to Dr. Stephanie Burrage